752 F.Supp. 1534 (1990)
In re the DEPARTMENT OF ENERGY STRIPPER WELL EXEMPTION LITIGATION.
Otis P. PEAVEY, et al., and Sun Oil Company (Delaware), Plaintiffs,
v.
UNITED STATES DEPARTMENT OF ENERGY, et al., Defendants.
Civ A. No. 78-1410.
United States District Court, D. Kansas.
November 19, 1990.
James Baller, Mary Ann Hammett, Baller Hammett, P.C., Washington, D.C., C.L. Carpenter, Oryx Energy Co., Dallas, Tex., James W. Sargent, Law Offices of James W. Sargent, Wichita, Kan., for Oryx Energy Co.
N. Sue Allen, Koch Industries, Inc., Wichita, Kan., for third party defendant Koch Industries, Inc.

MEMORANDUM AND ORDER
THEIS, District Judge.
This matter is before the court on the motion of third party defendant Koch Industries, Inc. (Koch) to dismiss the complaint filed by Oryx Energy Company, formerly Sun Exploration and Production Company and the successor to plaintiff Sun Oil Company (Delaware) (hereinafter "Sun"). Sun's motion for leave to file a response to Koch's reply (Doc. 1889) will be granted. The court does not believe oral *1535 argument would be of material assistance and denies the requests for argument (Doc. 1889, 1899).
Following the filing of a counterclaim against it by the United States on behalf of the Department of Energy (DOE), Sun filed an answer and third party complaint against Koch Industries, Inc. and Phillips Petroleum Company. Doc. 1794. Sun alleges that it is a Delaware corporation with its principal place of business in Texas, that Phillips Petroleum Company is a Delaware corporation with its principal place of business in Oklahoma, and that Koch is a Kansas corporation with its principal place of business in Kansas. Jurisdiction is alleged under both the federal question and diversity jurisdiction statutes. 28 U.S.C. §§ 1331, 1332.
In its third party claim against Koch, Sun alleges that the DOE has claimed a deficiency for the South Moore Unit property, located in the State of Oklahoma. Sun alleges that a portion of the amount at issue represents severance taxes remitted to the State by Bigheart Pipe Line Corporation ("Bigheart"), the purchaser of crude oil from the unit, plus interest at DOE policy rates. In the event Sun is held liable to DOE for amounts attributable to Oklahoma severance taxes and interest for the South Moore Unit, Sun asserts a claim against Koch, as successor to Bigheart, for the difference between the deficiency asserted against Sun by DOE and the deficiency that would have existed had Bigheart obtained a refund from Oklahoma and deposited it with interest paid by the State into escrow. Alternatively, if Sun is held liable to DOE for amounts attributable to Oklahoma severance taxes and interest thereon for the South Moore Unit, Sun asserts a claim against Koch, as Bigheart's successor, equal to the DOE's claim against Sun.
Specifically, Sun alleges that Bigheart was the purchaser of crude oil from the South Moore Unit. Pursuant to the terms of the parties' division order, Bigheart was required to pay severance taxes to the State of Oklahoma. After this court invalidated Ruling 1974-29, Sun began counting injection wells for the purpose of making stripper well determinations and certified the South Moore Unit as stripper. Sun asserts that it instructed Bigheart to remit the incremental taxes as suspended tax monies so that a refund could be obtained if this court's ruling were overturned.
On June 25, 1979, Sun obtained a preliminary injunction from this court, enjoining DOE from enforcing Ruling 1974-29 against Sun for its certification of properties as stripper by counting injection wells in computing average daily production. The injunction also ordered Sun to "pay, or cause to be paid," into the escrow "the difference between the price received by them for crude oil sold pursuant to any such certification of a property as a stripper well property and the price for which such crude oil would have been sold had the same been sold pursuant to a certification of the property as a non-stripper property." Sun alleges that Bigheart remitted severance taxes to the State of Oklahoma on the incremental value of the stripper-well oil, but failed to obtain a refund of those incremental taxes.
In Count I, Sun alleges that by failing to obtain a refund from Oklahoma, Bigheart breached its contract with Sun. In Count II, Sun alleges that by failing to obtain a refund from Oklahoma, Bigheart breached its fiduciary duty to Sun as Sun's agent for the purpose depositing incremental stripper-well values into the court's escrow. In Count III, Sun alleges that by not obtaining a refund from the State of Oklahoma for deposit into the court's escrow, Bigheart violated the court's injunction of June 25, 1979. In Count IV, Sun alleges that by remitting amounts representing severance taxes to the State of Oklahoma that should have been deposited into the court's escrow, Bigheart violated the court's injunction. Sun prayed for judgment in an amount of not less than $489,958, the difference between the deficiency asserted against Sun by the DOE and the deficiency that would have existed had Bigheart obtained a refund from the State of Oklahoma, and deposited it, with interest paid by the State, into the court's escrow.
*1536 The court has recently granted the DOE's motion for summary judgment against Sun, ordering Sun to pay the sum of $30,806,581 plus interest accruing after March 31, 1990 into the court's escrow. Doc. 1969, 752 F.Supp. 1452 (D.Kan.1990).
The standards governing consideration of a motion to dismiss for failure to state a claim upon which relief can be granted are clearly established. Motions to dismiss are disfavored: a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss, the factual allegations of a complaint must be taken as true and all reasonable inferences must be indulged in favor of the plaintiff. Mitchell v. King, 537 F.2d 385, 386 (10th Cir.1976). Pleadings are to be liberally construed. Gas-a-Car, Inc. v. American Petrofina, Inc., 484 F.2d 1102, 1107 (10th Cir.1973). The question is not whether a plaintiff will ultimately prevail, but whether it is entitled to offer evidence in support of its claims. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).
Koch makes three arguments in support of its motion to dismiss: whether Koch is properly joined as a party under Rule 14 of the Federal Rules of Civil Procedure; whether Sun's breach of contract claim is barred by the statute of limitations; and whether Koch is liable to Sun for a violation of the court's injunction.
The court will address Koch's joinder argument, since it is dispositive. Koch argues that joinder is improper under Rule 14 because Koch is not liable to Sun for all or part of the DOE's claim against Sun. Fed. R.Civ.P. 14(a); see Fed.R.Civ.P. 14(b) (when a counterclaim is asserted against a plaintiff, the plaintiff may bring in a third party under the circumstances which would entitle a defendant to bring in a third party under Fed.R.Civ.P. 14(a)). While not clearly articulated, Koch's argument is that it is not liable over to Sun for all or part of DOE's claim against Sun. The court thus turns to the standards governing third party practice under Rule 14.
A third party may be impleaded under Rule 14 only when the third party's liability is dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant. Bethany Medical Center v. Harder, 641 F.Supp. 214, 217 (D.Kan.1986). The secondary or derivative liability principle is central; it is irrelevant whether the basis of the third party claim is indemnity, contribution, or some other theory. 6 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1446, at pp. 358-63 (2d ed. 1990). If there is no right to relief under the substantive law, impleader under Rule 14 is improper. Hefley v. Textron, Inc., 713 F.2d 1487, 1498 (10th Cir.1983).
The substantive law governing this case is federal common law. See In re: Department of Energy Stripper Well Exemption Litigation, 743 F.Supp. 1467, 1474-75 (D.Kan.1990) ("Mobil v. Koch"); In re: Department of Energy Stripper Well Exemption Litigation, 743 F.Supp. 1476, 1482-83 (D.Kan.1990) ("Mobil v. Sun"). Relying in large part on a decision issued by the Honorable Robert M. Parker of the United States District Court for the Eastern District of Texas, this court recognized a substantive right to reimbursement or restitution in favor of Mobil. Mobil v. Koch, 743 F.Supp. at 1474-76; Mobil v. Sun, 743 F.Supp. at 1482-83 (both cases discussing Exxon Corp. v. Jarvis Christian College, 746 F.Supp. 652 (E.D.Tex. 1989)). While the court also referred to contribution and indemnity (743 F.Supp. at 1469, 1476), the cause of action recognized in Mobil v. Koch and Mobil v. Sun is neither contribution nor indemnity.[1]
*1537 In Mobil v. Koch, Koch, as first purchaser, received a severance tax refund from the State of Oklahoma and failed to remit it, with interest paid by the State, to the escrow. The court held Koch liable to Mobil because Koch had retained the severance tax refund. 743 F.Supp. at 1475-76. The court held that a federal common law right to reimbursement was appropriate given that Koch had withheld the refunded severance taxes (with the interest paid by the State of Oklahoma) instead of forwarding that sum to escrow. Id. It would have been unfair to require Mobil to make the escrow whole for funds which, since the date of the tax refund, had been in Koch's control.
The dispute between Sun and Koch presents an entirely different factual situation. The essence of Sun's complaint against Koch in this action is that Koch (Bigheart) failed to obtain a refund of the incremental severance tax values. The court is unwilling to extend its holding in Mobil v. Koch to the circumstances presented here. The court will not find a substantive right to reimbursement or restitution in a situation where a party failed to obtain a tax refund. Koch has not retained any funds to which it was not entitled. The court believes that liability over should be limited to the situation in which a party retained funds which should have been forwarded to the court's escrow.
The court sees no unfairness to Sun in the present case. It may pursue its state law claims in a separate lawsuit in a court of competent jurisdiction and appropriate venue. Sun could have controlled the payment of the taxes. As the court noted in the Mobil v. Department of Energy opinion, the State of Oklahoma gave the oil producers the option, during the litigation of the validity of Ruling 1974-29, of deferring payment of the incremental severance taxes. 722 F.Supp. 649, 659 (D.Kan.1989). Sun could have notified its purchasers, such as Bigheart, that the incremental severance tax amounts did not need to be paid to the State of Oklahoma unless the producers prevailed. Only if the producers prevailed would the taxes have been owed. See id. (only if this court's decision striking down Ruling 1974-29 was affirmed would the stripper price be authorized; only then would severance taxes be owed on the stripper price increment). As with Mobil, it appears that Sun did not avail itself of the option of deferring tax payments.
The court concludes that Sun has not pleaded a cognizable claim for reimbursement or restitution. Since there is no right to relief under the substantive law, impleader is improper. The court will grant the motion to dismiss the third party complaint. Given this resolution, the court does not address the parties' remaining arguments.
IT IS BY THE COURT THEREFORE ORDERED that the motion of Oryx Energy Company for leave to file a response to Koch's reply (Doc. 1889) is hereby granted.
IT IS FURTHER ORDERED that Koch Industries, Inc.'s motion to dismiss (Doc. 1820) the third party complaint filed by Oryx Energy Company, formerly Sun Exploration and Production Company and the successor to plaintiff Sun Oil Company (Delaware), is hereby granted.
NOTES
[1] Indemnity refers to a collateral contract by which one person engages to secure another against an anticipated loss. Black's Law Dictionary 692 (5th ed. 1979). Contribution refers to the right of one tortfeasor against whom a judgment is rendered to recover proportional shares of the judgment from other joint tortfeasors. Id. at 297. Neither theory is alleged nor appears applicable here.